IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



**NANNETTE D. TANKSLEY**

    **Plaintiffs,**

vs.

**THE GEO GROUP, INC. D/B/A/
EAST MISSISSIPPI
CORRECTIONAL FACILITY**

    **Defendant.**

CASE NO. 4:10CV 205 HTW-LRA

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, against Defendant, The Geo Group, Inc. d/b/a East Mississippi Correctional Facility ("Defendant," "The Geo Group," "the Company," or the like), to correct the unlawful practice of treating employees differently with respect to the terms, conditions, and privileges of their employment based upon their race and gender.

The GEO Group (f/k/a "Wackenhut Corrections Corporation") is a self-proclaimed "leader in the delivery of private correctional and detention management, community re-entry services as well as behavioral and mental health services to government agencies around the globe."[1] Moreover, The Geo Group boasts that it "ensures" that it provides its employees with "a stable career" that "they can feel good about."[2]

---

[1] See www.thegeogroupinc.com.

[2] See www.thegeogroupinc.com/Opportunities.asp.

SYKES & BRANDON
578 LAKELAND EAST DRIVE, SUITE A
FLOWOOD, MISSISSIPPI 39232
(601) 957-5500

Nannette D. Tanksley ("Plaintiff," "Tanksley," or the like) – an African American female who was wrongfully accused of misappropriating property intended to be distributed to inmates incarcerated at East Mississippi Correctional Facility, humiliated by her supervisors, denied such emoluments and advantages of employment as were provided to Caucasian and/or male employees, and ultimately discharged from her employment in violation of the law – begs to differ.

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," the "Civil Rights Act of 1866," as amended, and Plaintiff's state law claims. The jurisdiction of this Court is invoked to secure the protection and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, as amended, and 42 U.S.C. §1981, as amended, providing injunctive and other relief against racial and gender discrimination.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## II. PARTIES

3. Plaintiff, Nannette D. Tanksley, is an African American female citizen of the United States who resides in Meridian, Mississippi.

4. At all relevant times, Defendant has maintained and operated a business known as the East Mississippi Correctional Facility, located at 10641 Highway 80 West, Meridian, Mississippi. At all times relevant to this action, Defendant has continuously engaged in an industry affecting commerce, has fifteen or more employees, and is an employer within the meaning of 42 U.S.C. § 2000e(b),(g) and (h). Service of process

may be effected upon Defendant via its registered agent, Corporate Creations Network, Inc., 248 East Capital Street #840, Jackson, Mississippi 39201.

### III. ADMINISTRATIVE PROCEDURES

5. Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) above as if fully set forth herein.

6. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred while Plaintiff was employed by the Defendant.

7. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment, and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against Plaintiff and others similarly situated on account of race and gender.

8. On or about October 8, 2009, within 180 days of the last discriminatory act of which Plaintiff asserts a Title VII claim, Plaintiff filed a Charge of Discrimination (Charge No. 420-2010-00086) with the Equal Employment Opportunity Commission (hereinafter "EEOC"). *See* Exhibit "A."

9. The EEOC issued a notice of right to sue to Plaintiff on or about September 15, 2010. *See* Exhibit "B." Plaintiff has filed suit within 180 days of receipt of her Notice of Right to Sue. All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

### IV. FACTS

10. Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) herein above as if fully set forth herein.

11. Plaintiff is an African American female who began working for Defendant in August 2004 as a Correctional Officer. Approximately one year later she was promoted the position of Commissary Manager.

12. Defendant discharged Plaintiff from her employment on or about August 19, 2009. Plaintiff attempted to appeal her discharge, but Defendant would not consider same.

13. Plaintiff was informed by Defendant that her employment was terminated because she embezzled property intended to be distributed to inmates incarcerated at East Mississippi Correctional Faciltiy. These allegations were not true. Plaintiff avers that Caucasian employees who engaged in the same or similar type of misconduct were not subjected to discipline or discharge, and that Defendant allowed Caucasian employees to file internal appeals, and accepted such appeals, in relation to proposed adverse job actions .

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### RACIAL AND GENDER DISCRIMINATION[3]

14. Plaintiff adopts and realleges the allegations of paragraphs one (1) through thirteen (13) as if fully set forth herein.

15. Upon information and belief, Plaintiff avers that Defendant has a progressive discipline policy, and if there were any alleged issues with Plaintiff's performance, she should have been disciplined pursuant to the progressive discipline policy. Upon information and believe, Plaintiff avers that Defendant has implemented an appeals process to allow employees to address adverse employment actions taken against them. Plaintiff avers that Defendant failed to comply with the appeals process after Plaintiff invoked her rights provided by same.

---

[3] Plaintiff has set forth her Title VII and 42 U.S.C. § 1981 allegations in one Count.

16. Upon information and belief, Plaintiff avers that Defendant has treated women and African American employees, including Plaintiff, differently from Caucasian and/or male employees in the interpretation and application of its policies, including, but not limited to, its progressive discipline and appeals policies.

17. Plaintiff avers the Defendant treated her and other women and African American employees differently from the Caucasian and/or male employees with regard to terms and conditions of employment. Plaintiff avers that the Defendant has a habit and/or pattern of discriminating against African American employees.

18. Plaintiff avers based on the facts set forth herein that while she was employed by Defendant, she was subjected to racial and gender discrimination. Plaintiff's claims include, but are not limited to, claims that she was denied pay, denied promotions, denied pay raises, unjustly reprimanded, disciplined, and terminated because of her race (African American) and/or gender (female). Plaintiff avers that African American and/or female employees were subjected to discriminatory terms and conditions of employment, and that the Defendant has a pattern and/or habit of discriminating against African Americans and/or women employees.

19. Plaintiff avers that Defendant condoned and tolerated the racial and gender discrimination. Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and the "Civil Rights Act of 1866," as amended, 42 U.S.C. § 1981.

20. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

21. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

22. The acts and omissions of Defendant as described herein were willful, deliberate, and done with callous disregard for the rights, sensibilities of, and likelihood of harm to Plaintiff. Accordingly, Plaintiff is entitled to punitive damages as a result of Defendant's intentional acts in violation of Plaintiff's federally protected rights. Alternatively, Plaintiff is entitled to punitive damages because Defendant's unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a. Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and by the "Civil Rights Act of 1866," as amended, by 42 U.S.C. § 1981;

b. Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request, from violating Title VII of the "Civil Rights of 1964," as amended, and the "Civil Rights Act of 1866," as amended, by 42 U.S.C. § 1981; and

c. Grant Plaintiff an Order requiring Defendant to make her whole by granting appropriate declaratory and injunctive relief, lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages, damages for humiliation,

embarrassment, and mental anguish, costs, attorney's fees and any and all such other relief the trier of fact or the Court may assess.

    d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

RESPECTFULLY SUBMITTED ON THIS DATE: December 10, 2010.

**JURY TRIAL REQUESTED.**

*/s/ Stephen A. Brandon*
Stephen A. Brandon (MB #8655)

**COUNSEL FOR PLAINTIFF,
NANNETTE D. TANKSLEY**
Sykes & Brandon
578 Lakeland East Drive, Suite A
Jackson, Mississippi 39232
(601) 957-5500
Facsimile: (408) 701-9827
Email: steve@sykesandbrandon.com